IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| United States of America, | ) | Cr. No. 19-00042 HG |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| James Dean Kalani Goeas, | ) | |
| Defendant. | ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION IN LIMINE NO. 1 (PRIOR ACTS EVIDENCE) (ECF No. 23)**

On April 4, 2019, Defendant James Dean Kalani Goeas was indicted under 18 U.S.C. § 2422(b). He is charged with one count of attempted coercion and enticement of a minor.

Defendant was arraigned and entered a plea of not guilty.

Pursuant to Federal Rules of Evidence 404(b), the Government notified Defendant that it intends to introduce evidence of five prior acts at trial. Defendant's voluntary post-Miranda statement after his arrest in the current case is the source of the Government's information.

The Government intends to introduce Acts One, Two, and Five at trial as 404(b) prior acts evidence. The Government seeks to introduce evidence of these prior acts to show Defendant's motivation, intent, plan, knowledge, and lack of mistake in committing the charged conduct.

The Government indicates that it will not introduce Acts

1

Three and Four as evidence pursuant to Federal Rules of Evidence 404(b), but seeks to reserve its right to cross-examine Defendant with this evidence in the event he testifies at trial.

Defendant challenges all five acts as being insufficiently proved.  Defendant further challenges the acts as not being material to the charged conduct, not being temporally proximate to the charged conduct, and not being similar enough to the charged conduct to be admissible.

Defendant's motion is **DENIED** as to Act Two, and **GRANTED** as to Acts One, Three, Four, and Five.

## PROCEDURAL HISTORY

On March 25, 2019, the Government filed a one-count criminal complaint against Defendant Goeas.  (ECF No. 3).

On April 4, 2019, a Grand Jury returned a one-count sealed Indictment against Defendant.  (ECF No. 13).

On April 8, 2019, Defendant was arraigned and entered a plea of not guilty.  (ECF No. 16).

On July 10, 2019, the Court ordered the Government to file a notice in writing of its intent to use other acts evidence pursuant to Federal Rules of Evidence 404(b).  (ECF No. 22).

On July 22, 2019, the Government sent Defendant a letter noticing its intent to use other acts evidence pursuant to Federal Rules of Evidence 404(b).  (ECF No. 23-1).

On August 30, 2019, Defendant filed MOTION IN LIMINE NO. 1

2

(PRIOR ACTS EVIDENCE) to exclude the Government's proposed 404(b) evidence. (ECF No. 23).

On September 6, 2019, the Government filed their Response. (ECF No. 26).

On October 16, 2019, the Court held a hearing on Defendant's Motion in Limine. (ECF No. 28).

## BACKGROUND

On March 22, 2019 the Federal Bureau of Investigation ("FBI") and the Hawaii State Attorney General's Office began an online sting operation. The goal of the sting was to apprehend sexual predators by having an undercover law enforcement officer pose as a minor male on Grindr, a prominent gay dating site.

On the same day the sting was initiated, Defendant Goeas began a chat with the fake Grindr account created by the undercover agent. (Grindr Chat, attached as Ex. 1 to Opposition, ECF No. 26-1). The agent responded by telling Defendant that his name was "Rooster" and that he was "really really young...13." (Grindr Chat, attached as Ex. 1 to Opposition, ECF No. 26-1). The undercover agent reiterated later in the conversation that he was "only 13." Id. Defendant responded to this information by stating "Just to let you know I am a big time hugger and kisser." Id. Defendant was 53 at the time.

The pair exchanged phone numbers and eventually moved their conversation from Grindr to text message. Rooster again stated

3

that "im 13."  (Text Exchange, attached as Ex. 3 to Opposition, ECF No. 26-3).  Despite Rooster restating that he was underage, Defendant asked Rooster to send a photo.  Id.

The following day Defendant texted Rooster again.  The conversation quickly became more sexually explicit.  Defendant asked Rooster about his sexual history and preferences.  He then suggested, among other things, that the pair "cuddle," "touch," make each other "feel good with each movement of the hand," and find each other's "sensitive spot."  Id.

Defendant repeatedly suggested the two meet in-person.  Id.  Eventually, Rooster consented to meet Defendant at a local park.  Rooster suggested Defendant bring "condoms and lube" to this meeting.  Id.  When Defendant arrived at the designated park, he texted Rooster his location and was promptly arrested.  Agents searched his car and found both condoms and lube.  (Affidavit of Special Agent John G. Mikel in support of Criminal Complaint, at ¶ 10, ECF No. 3)

After his arrest, Defendant, a former police officer, was read his Miranda rights and then voluntarily agreed to be interviewed by agents without a lawyer present. Miranda v. Arizona, 384 U.S. 436 (1966).  Defendant participated in an interview and a polygraph test that were audio and video recorded.  After the polygraph test, Defendant was again interviewed by agents and at that time made the admissions at

issue in this matter. (Statement, attached as Ex. 4 to Opposition, ECF No. 26-4). Those admissions are summarized by the Government as follows:

1. The defendant stated that approximately 10 years ago, while employed as a Honolulu Police Officer, that he had shared a bed with a 15-year old male friend of this stepson. The defendant stated that he engaged in a mutual masturbation episode with the 15-year old underage male during which time both he and the 15-year old male ejaculated.
2. The defendant also revealed that approximately 7 years ago he met a 15-year old juvenile male on some form of social application which he used on his phone. The defendant told the interviewing agent that he engaged in oral sexual relations with the 15-year old juvenile male on approximately 10 occasions.
3. The defendant also stated to the interviewing FBI Special Agent that he had received from a 15-year old juvenile nude images of the juvenile via the internet.
4. The defendant also stated that he had viewed images of child pornography on his personal phone.
5. Finally, the defendant stated that he was remorseful for his conduct and that he would apologize to the juvenile males involved were he to see them.

(404(b) Notice Letter, attached as Ex. A to Defendant's Motion to Exclude, ECF No. 23-1).

The Government seeks to admit evidence of Acts One, Two, and Five to show Defendant's motivation, intent, plan, knowledge, and lack of mistake in committing the charged offence. Id. The Government will not admit Acts Three and Four pursuant to Federal Rules of Evidence 404(b), but wishes to reserve their right to use this evidence on cross-examination.

The Defense challenges the admission of all five acts on a variety of grounds. (Motion in Limine, ECF No. 23).

5

**STANDARD OF REVIEW**

Federal Rule of Evidence 404(b) provides:

**(b) Crimes, Wrongs, or Other Acts.**
  **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
  **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
    **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
    **(B)** do so before trial-or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

The Ninth Circuit Court of Appeals has held that "other acts" evidence is admissible if:

(1) it tends to prove a material point;

(2) the other act is not too remote in time;

(3) the evidence is sufficient to support a finding that defendant committed the other act; and,

(4) the act is similar to the offense charged.

United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012).

"[T]he issue of what a defendant's state of mind was immediately prior to his contact with a sexual target purporting to be a minor" is a material question of fact that the

6

prosecution must prove in internet sting cases. United States v. Curtin, 489 F.3d 935, 951 (9th Cir. 2007). Contextual evidence, like other act evidence, is admissible and critically relevant to determine "a defendant's material state of mind 'prior to his contact' with the object of his sexual attention." Id. at 952 (citing United States v. Poehlman, 217 F.3d 692 (9th Cir. 2000).

There is no "inflexible rule" for excluding material other act evidence that occurred after a certain amount of time. United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989). The amount of time that must pass before an act is considered too remote to be relevant is determined on a case by case basis depending on "the theory of admissibility and the similarity between the prior acts and the current offense." United States v. Norman, 1993 WL 425964, *5 (9th Cir. 1993) (internal citations omitted). Prior bad acts over ten years old can be relevant to prove intent in cases where those acts are particularly similar to the offense conduct. Id.

Material, timely evidence need only meet a "low threshold" to be deemed sufficient under 404(b). United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002). In the Rule 404(b) context, the Government need not prove the act occurred by a preponderance of the evidence, it need only present evidence such that "the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S.

681, 689 (1988).

Finally, material other act evidence must be similar to the charged conduct to be admissible. "[I]f the other act is not sufficiently similar to the crime charged, 'it does not tell the jury anything about what the defendant intended'" to do in the relevant instance, it merely represents inadmissible propensity evidence. United States v. Preston, 873 F.3d 829, 840 (9th Cir. 2017) (quoting United States v. Miller, 874 F.2d 1255, 1269 (9th Cir. 1989). The other acts evidence need not be identical to the conduct charged. United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997). It need only be similar enough to be probative of intent. Id.

Rule 404(b) is a rule of inclusion-not exclusion. Curtin, 489 F.3d at 944. If all four conditions listed in Bailey are met, the evidence should be admitted unless its prejudicial impact substantially outweighs its probative value pursuant to Federal Rules of Evidence 403. United States v. Blitz, 151 F.3d 1002, 1008 (9th Cir. 1998).

## ANALYSIS

The Government seeks to introduce the following "other act" evidence under Federal Rules of Evidence 404(b):

1. The defendant stated that approximately 10 years ago, while employed as a Honolulu Police Officer, that he had shared a bed with a 15-year old male friend of this stepson. The defendant stated that he engaged in a mutual masturbation episode with the 15-year old underage male during which time both he and the 15-year

8

> old male ejaculated.
> 2. The defendant also revealed that approximately 7 years ago he met a 15-year old juvenile male on some form of social application which he used on his phone. The defendant told the interviewing agent that he engaged in oral sexual relations with the 15-year old juvenile male on approximately 10 occasions.
> ...
> 5. Finally, the defendant stated that he was remorseful for his conduct and that he would apologize to the juvenile males involved were he to see them.

(404(b) Notice Letter, attached as Ex. A to Defendant's Motion to Exclude, ECF No. 23-1). The Government seeks to submit this evidence to prove Defendant's "motivation, intent, plan, and knowledge, and to rebut any inference that the defendant made a mistake of fact." Id.

Defendant raises a global challenge to the sufficiency of all of the Government's evidence. Defendant also challenges each Act for a variety of specific reasons. The Court will address the sufficiency issue first, before addressing the admissibility of each Act individually.

## I. Admissibility Under 404(b)

### Sufficiency of the Evidence

Evidence of the prior acts is derived from Defendant's own statement made when he was interviewed after his arrest. Defendant asserts that, without additional proof, his statement is per se insufficient as 404(b) evidence.

Defendant concedes that the uncorroborated statement of a single witness can be sufficient 404(b) evidence. See United

States v. Dhingra, 371 F.3d 557, 566 (9th Cir. 2004) ("the testimony of a single witness, as present in this case, satisfies the low-threshold test of sufficient evidence for the purposes of Rule 404(b)"); Romero, 282 F.3d at 688 (finding the sufficiency prong of the 404(b) standard satisfied based on the testimony of a single witness); United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994).

Defendant asserts that an otherwise admissible uncorroborated witness statement should not be admitted if it is made by a defendant. According to Defendant, different rules apply to defendant statements requiring the government to do more before they can be admitted under Federal Rules of Evidence 404(b). Defendant has provided no case law to support this interpretation. By contrast, courts have held that just like the uncorroborated statement of a single witness, the uncorroborated statement of a single defendant is sufficient 404(b) prior act evidence. See United States v. Bassett, 762 F.3d 681, 686-87 (8th Cir. 2014) (affirming denial of motion in limine and admission at trial of Defendant's uncorroborated confession to show prior acts under 404(b)); United States v. Lugo Guerrero, 524 F.3d 5, 13-14 (1st Cir. 2008) (affirming denial of motion in limine and admission at trial of Defendant's uncorroborated confession to show two prior acts under 404(b)); see also United States v. Necochea-Varela, 702 Fed. Appx. 564, 566 (9th Cir.

2017) (affirming admission of Defendant's uncorroborated confession on alternative grounds, but finding that the statement would also have been admissible under 404(b)); United States v. Norris, 428 F.3d 907 (9th Cir. 2005) (using a 404(b) standard to affirm admission of an uncorroborated confession to show prior acts under Fed. R. Evid. 414).

Defendant's argument that uncorroborated statements by a defendant are per se inadmissible is incorrect. Uncorroborated defendant statements are admissible if they are reliable. See Bassett, 762 F.3d at 686-87; Lugo Guerrero, 524 F.3d at 13-14. In this case Defendant's statements have sufficient indicia of reliability to justify their admission at trial.

The first indication of reliability is that Defendant's statements are against his penal interest. Statements against a declarant's penal interest are generally considered reliable "because it is presumed that one will not make a statement damaging to one's self unless it is true." Weinstein's Federal Evidence, § 804.06[1] (2nd ed. 2019); see also United States v. Patayan Soriano, 361 F.3d 494, 505 (9th Cir. 2004); United States v. Estrada, 733 F.2d 683, 686 (9th Cir. 1984). Statements against penal interest are frequently found to be a particularly reliable form of evidence, at least sufficient to support a finding of probable cause. Defendant Goeas's statements are so strongly against his own penal interest that they are unlikely to

11

be false.

Defendant is a former police officer. Defendant was read his Miranda rights. There is no evidence that he did not have the level of understanding attributable to a veteran police officer when he voluntarily agreed to speak with the Government without a lawyer present. Defendant has put no evidence forward to suggest that his decision to talk with officers was induced by any duress or coercion that might bring into question the reliability of his statements.

The Court finds no support for Defendant's argument that the uncorroborated statement of a defendant is per se insufficient as 404(b) evidence. The Court finds that Defendant's statements in this case are sufficiently reliable to be admissible under 404(b).

**Act One**

In Act One, a fifteen year old male spent the night at Defendant's home as a guest of Defendant's stepson. According to Defendant, he and the minor male ended up sharing a bed and engaging in sexual activity. Unlike the current conduct, Act One did not involve the use of the internet or a cellphone to meet and coerce a minor. Under 404(b), other acts "need not be identical" to the currently charged conduct but must be "similar enough to be probative of intent." Johnson, 132 F.3d at 1283. Both Act One and the current conduct involve Defendant engaging

12

in, or attempting to engage in, sexual activity with a minor male. However, the fact that Act One did not involve the use of the internet makes the acts distinguishable.

"Prior bad acts over ten years old are not too remote to prove intent where those acts were very similar to the offense conduct." Norman, 1993 WL 425964, at *5. Where, as here, the prior bad act is not totally similar, a ten year time gap weighs against admission under 404(b). Act One is not similar enough to the charged conduct to make up for the ten year time gap between it and the charged conduct.

Act One is not admissible as 404(b) evidence.

### Act Two

Defendant stated that Act Two occurred approximately seven years ago. (Statement, attached as Ex. 4 to Opposition, ECF No. 26-4). During this incident, Defendant met a fifteen year old male on a social media dating application. Defendant and the minor met in person and engaged in sexual activity several times. Id.

Act Two is nearly identical to the charged conduct. In both instances, Defendant used the internet to attempt to interact with a minor for illicit sexual purposes. The similarity of the prior act is relevant to show Defendant's intent in the most recent incident. Given the similarity of the acts, the fact that Act Two occurred seven years ago does not make it too distant to

13

be relevant.

Act Two is similar to the charged conduct, is being used to prove a material point in the current case, has been shown to be sufficiently reliable, and is close enough in time to be admitted as 404(b) evidence.

The evidence also satisfies the Rule 403 balancing test. Virtually all evidence is prejudicial or it would not be material. Relevant evidence is excludable when it is "unfairly" prejudicial. Old Chief v. United States, 519 U.S. 172, 193 (1997). The Court finds that the evidence is not unfairly prejudical.

### Acts Three and Four

The Government acknowledges that it will not introduce evidence of Acts Three or Four at trial under 404(b). The Government reserves its right to cross-examine Defendant with these statements in the event he testifies at trial.

### Act Five

The Government characterizes the fifth "act" it seeks to admit--and the Defense seeks to exclude--as "the defendant stated that he was remorseful for his conduct and that he would apologize to the juvenile males involved were he to see them." (404(b) Notice Letter, attached as Ex. A to Defendant's Motion to Exclude, ECF No. 23-1). The full transcript of this portion of the interrogation reads:

14

>    **FBI Special Agent:** Okay, alright, I want to say I appreciate you coming in I appreciate you telling me, um, about those, those incidents and obviously if there is anything else, then you know, I'd like to know, know what that is, okay, is there anything else you want to add to your statement? Is there anything you'd like to say to those, uh, young men that were, were children, um, when you engaged in those sexual acts with them. If you had to tell them something now, what would you say to them?
>    **Defendant:** Sorry for, getting them into this kind of...

(Statement, attached as Ex. 4 to Opposition, ECF No. 26-4).

Defendant's brief statement of remorse offers no additional detail about the Acts stated by Defendant. The Court is admitting the statements related to Act Two under 404(b). The Court finds there would be little, if any, additional probative value from the Fifth statement given its brevity and Defendant's failure to finish his sentence.

**II. Admissibility on Cross-Examination of Defendant**

The prior inconsistent statement of an opposing party is admissible impeachment evidence. See Fed. R. Evid. 613(b) & 801(d)(2)(A). It is within the trial court's discretion to determine whether inconsistent statements are relevant and actually inconsistent. United States v. Tory, 52 F.3d 207, 210 (9th Cir. 1995). In addition, as with all evidence, admissibility is subject to the balancing test of Rule 403. Weinstein's Federal Evidence, § 403.02[1][a] (2nd ed. 2019).

While the Government may not submit Acts One, Three, Four, or Five into evidence under Rule 404(b), as statements of a party opponent, these Acts may be admissible to impeach Defendant if he

takes the stand and makes an inconsistent statement.  The Court will rule on the ultimate admissibility of Defendant's statements if this issue arises at trial.

**CONCLUSION**

DEFENDANT'S MOTION IN LIMINE NO. 1 (PRIOR ACTS EVIDENCE) (ECF No. 23) is **DENIED** as to Act Two, and **GRANTED** as to Acts One, Three, Four, and Five.

IT IS SO ORDERED.

DATED:  November 8, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States of America v. James-Dean Kalani Goeas; Criminal No. 19-00042 HG; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION IN LIMINE NO. 1 (PRIOR ACTS EVIDENCE) (ECF No. 23)**